UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONNECTRN, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: |
| | : | |
| BEDROCK CARE, LLC, CARE PAVILION NURSING AND REHABILITATION CENTER PA, L.P., YEADON OPERATIONS, LLC, TUCKER HOUSE NURSING AND REHABILITATION CENTER, PA, L.P., MAPLEWOOD NURSING AND REHABILITATION CENTER PA, L.P., HOWARD FRINER, SCOTT POTTER, SCOTT RIFKIN CENTER, CLIVEDEN NURSING AND REHABILITATION CENTER PA, L.P., and PARK HOUSE NURSING AND REHABILITATION CENTER, L.P., | : : : : : : : : : : : : | |
| Defendants. | : | SEPTEMBER 18, 2024 |

## COMPLAINT

Plaintiff connectRN, Inc. ("connectRN"), by and through its attorneys, McCarter & English, LLP, alleges for its Complaint against Defendants Bedrock Care, LLC ("Bedrock"), Care Pavilion Nursing and Rehabilitation PA, L.P. ("Care Pavilion"), Yeadon Operations, LLC ("Yeadon"), Tucker House Nursing and Rehabilitation Center PA, L.P. ("Tucker House"), Maplewood Nursing and Rehabilitation Center PA, L.P. ("Maplewood"), Howard Finer, Scott Potter, Scott Rifkin, Cliveden Nursing and Rehabilitation Center PA, L.P. ("Cliveden"), and Park House Nursing and Rehabilitation Center, L.P. ("Park House") as follows:

**PARTIES**

1.Plaintiff connectRN is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Waltham, Massachusetts.

2.Defendant Bedrock is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 974 Route 45 Tucker HSuite 1200, Pomona, New York 10970.

3.Defendant Care Pavilion is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, which operates a healthcare facility at 6212 Walnut Street Philadelphia, Pennsylvania 19139.

4.Defendant Yeadon is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, which operates a healthcare facility at 14 Lincoln Avenue, Yeadon, Pennsylvania 19050.

5.Defendant Tucker House is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, which operates a healthcare facility at 1001 Wallace Street, Philadelphia, Pennsylvania 19123.

6.Defendant Maplewood is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, which operates a healthcare facility at 125 West School House Lane, Philadelphia, Pennsylvania 17847.

7.Defendants Howard Finer, Scott Potter, Scott Rifkin are residents of the State of Maryland who conduct business as York Nursing and Rehabilitation Center ("York"), which is a healthcare facility located at 7101 Old York Road, Philadelphia, Pennsylvania 19126. Defendants Finer, Potter, and Rifkin are collectively referred to as York.

8. Defendant Cliveden is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, which operates a healthcare facility located at 6400 Greene Street, Philadelphia, Pennsylvania 19119.

9. Defendant Park House is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, which operates a healthcare facility located at 1600 Black Rock Royersford, Pennsylvania 19468.

10. Bedrock operates, manages, and controls Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House (with Bedrock, collectively "Defendants").

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

12. This Court has personal jurisdiction over Bedrock as the contract at issue expressly provides that "Any legal proceeding to enforce any provision of this Agreement or arising out of this Agreement must be brought against either Party in the applicable state or federal courts in Boston, Massachusetts, and each Party consents to the jurisdiction of such courts and waives any objection to venue laid therein."

13. This Court has personal jurisdiction over Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House as this case arises out of contracts made or to be performed in the Commonwealth of Massachusetts and Defendants have derived revenue from goods and/or services rendered in the Commonwealth of Massachusetts and from interstate commerce.

**BACKGROUND AND FACTS COMMON TO ALL COUNTS**

14. connectRN is a provider of nursing healthcare services, created to provide nurses with flexible work opportunities and to help address the healthcare staffing crisis. connectRN provides per diem staffing of nurses and nursing assistants to its partners.

15. connectRN hires nursing staff as employees of connectRN and is responsible for paying all wages and applicable taxes for each employee.

16. connectRN partners with various healthcare facilities, such as, among others, hospitals, nursing homes, rehabilitation centers, and home health agencies.

17. Through its online platform, connectRN provides its partners with fully vetted and credentialed nursing staff on a temporary basis, who are chosen to fit each partner's specific staffing needs. The nursing staff provides services to connectRN's partners as independent contractors.

18. Bedrock is a partner of connectRN that operates, manages, and controls several healthcare facilities throughout the Commonwealth of Pennsylvania, including Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House.

19. Bedrock entered into a contract with connectRN effective April 9, 2020 (the "Contract"), pursuant to which connectRN made its system available to Bedrock which enabled Bedrock to ensure its facilities have adequate nursing staff.

20. Pursuant to the Contract, connectRN provided nursing services to Bedrock and its facilities, including Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House.

21. The Contract required that connectRN, among other things, "Provide access to and book such Contractors as are available for such assignment," and that connectRN "[a]ssume

sole and exclusive responsibility for the payment of [the contractor's] wages for services performed for the Facility."

22.   connectRN performed its obligations under the Contract by, among other things, providing Bedrock access to its system, providing the nursing staff that Bedrock requested for its facilities, and by paying the wages owed to the nursing staff for the services such staff provided to Bedrock and its facilities.

23.   Bedrock agreed to pay the rates set forth in Exhibit A attached to the Contract within 60 days of connectRN's invoice for its nursing services.  Bedrock further agreed that invoices that became past due "will be charged a finance charge of one and half (1.5%) percent per month on the unpaid balance (annual percentage of 18%) or the maximum interest rate allowable by law, whichever is lower.  Facility agrees to pay the finance charge together with reasonable attorney's fees for the cost of collection."

24.   The parties operated pursuant to the terms of the Contract; however, in or about May 2023, Bedrock failed to pay connectRN pursuant to the Contract, resulting in an arrearage of $1,532,678.22 owed by Bedrock to Embassy (the "Obligation").

25.   By failing to pay connectRN in accordance with the requirements of the Contract, Bedrock breached the Contract.

26.   In or about June 2023, connectRN and Bedrock entered into a settlement agreement, pursuant to which the parties agreed that Bedrock would pay $1,000,000.00 to resolve the Obligation (the "Settlement Agreement").

27.   The Settlement Agreement provided that "Bedrock shall pay ConnectRN the Settlement Amount [$1,000,000.00] over thirteen installments" as outlined in the Settlement Agreement.

28. Specifically, the Settlement Agreement required that Bedrock pay connectRN $100,000.00 by June 15, 2023, and then pay $75,000.00 per month, by the 15th of each month, every month through June 15, 2024.

29. The Settlement Agreement contained a provision addressing the effect of non-payment providing that, if Bedrock failed to make one or more installment payments, then the full amount of the Obligation shall become immediately due and payable. Bedrock agreed to pay a finance charge of 1.5% percent per month on the unpaid, past due balance (annual percentage of 18%) or the maximum interest rate allowed by law, whichever is lower. Bedrock further agreed to pay connectRN's reasonable attorney's fees for the cost of collection.

30. The Settlement Agreement also contained a mutual waiver and release of claims, which explicitly excepted actions to enforce the terms of the Settlement Agreement.

31. Bedrock made the installment payments required by the Settlement Agreement for June 2023 through April 2024; however, Bedrock failed to make the $75,000.00 installment payments which were due on May 15, 2024 and June 15, 2024, respectively.

32. Bedrock's failure to pay the final two installment payments constituted a breach of the Settlement Agreement.

33. Pursuant to the Settlement Agreement, Bedrock's failure to pay the final two installment payments caused the full balance of the Obligation, $682,678.22, to become immediately due and payable to connectRN, plus the finance charges and attorneys' fees provided for in the Settlement Agreement.

34. On or about July 3, 2024, connectRN and Bedrock agreed to amend the Settlement Agreement (the "Amended Settlement"), pursuant to which Bedrock agreed to make

6

the final two installment payments of $75,000.00 by July 20, 2024 and August 15, 2024, respectively.

35. Pursuant to the Amended Settlement, Bedrock was also required to utilize connectRN's services for a minimum weekly volume commitment of 750 hours through December 31, 2024, and to follow a specific payment schedule set forth in the Amended Settlement.

36. Bedrock agreed to the Amended Settlement in order to continue using connectRN's services to benefit its business.

37. The Amended Settlement provided that, if Bedrock failed to make one or more installment payments, then the full amount of the Obligation shall become immediately due and payable. Bedrock agreed to pay a finance charge of 1.5% percent per month on the unpaid, past due balance (annual percentage of 18%) or the maximum interest rate allowed by law, whichever is lower. Bedrock further agreed to pay connectRN's reasonable attorney's fees for the cost of collection:

38. Bedrock expressly represented in the Amended Settlement that "it is acting for itself and the facilities listed in Exhibit A," which list expressly included Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House. The Amended Settlement further expressly provided that "Bedrock and the facilities listed in Exhibit A shall be jointly and severally liable for all of the obligations, liabilities, terms, and conditions set forth in the Settlement Agreement."

39. Bedrock failed to make the two installment payments that were required by the Amended Settlement.

40. As a result of Bedrock's failure to make the payments required by the Amended Settlement, Bedrock owes connectRN the balance of the Obligation, $682,678.22, plus the finance charges and attorneys' fees provided for in the Amended Settlement.

## COUNT I – BREACH OF CONTRACT
### (Against all Defendants)

41. connectRN incorporates the allegations contained in Paragraphs 1–40, above, as if fully set forth herein.

42. connectRN and Bedrock entered into the Contract, which was supported by fair and adequate consideration and constitutes a valid and binding obligation between the parties.

43. connectRN and Bedrock entered into the Settlement Agreement, which was supported by fair and adequate consideration and constitutes a valid and binding obligation between the parties.

44. connectRN and Defendants entered into the Amended Settlement, which was supported by fair and adequate consideration and constitutes a valid and binding obligation between the parties.

45. Bedrock breached the Contract by failing to pay connectRN for the nursing services that connectRN provided to Bedrock's facilities pursuant to the Contract.

46. connectRN and Bedrock resolved Bedrock's breach of the Contract by agreeing to and executing the Settlement Agreement. Bedrock then breached the Settlement Agreement by failing to make the final two installment payments required by the Settlement Agreement.

47. connectRN and Bedrock resolved Bedrock's breach of the Settlement Agreement by agreeing to and executing the Amended Settlement on behalf of all Defendants. Defendants

breached the Amended Settlement as a result of Bedrock's failure to make the payments required by the Amended Settlement.

48. connectRN has fully performed its contractual obligations to Defendants and satisfied all conditions precedent, if any, to connectRN's right to recover under the Amended Settlement.

49. As a direct and proximate result of Defendants' breach of the Amended Settlement, connectRN has incurred damages. connectRN's damages include, but are not limited to, the outstanding balance of the Obligation of $682,678.22, plus finance charges and connectRN's attorneys' fees.

50. Pursuant to the Amended Settlement, Defendants are jointly and severally liable for the damages caused by the breach of the Amended Settlement.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against Defendant Bedrock)

51. connectRN incorporates the allegations contained in Paragraphs 1–50, above, as if fully set forth herein.

52. Each valid and enforceable contract between connectRN and Bedrock, namely, the Contract, the Settlement Agreement, and the Amended Settlement, carries with it the implied covenant of good faith and fair dealing.

53. Bedrock breached its covenant of good faith and fair dealing implied by breaching the Amended Settlement in bad faith by, among other things, willfully inducing connectRN to continue providing nursing services to Bedrock pursuant to the Amended Settlement despite having no intention of paying connectRN for the nursing services it provides, intentionally and

repeatedly refusing to pay connectRN, and depriving connectRN of the benefit of the bargain without just cause and for Bedrock's own benefit.

54. Bedrock's actions were taken in bad faith and done with reckless indifference to connectRN's interests by denying it the right to receive benefits it reasonably expected to receive under the Amended Settlement.

55. As a direct and proximate result of Bedrock's breach of the covenant of good faith and fair dealing, connectRN has been damaged.

**COUNT III – UNJUST ENRICHMENT**
**(Against Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House)**

56. connectRN incorporates the allegations contained in Paragraphs 1–55, above, as if fully set forth herein.

57. Through the Contract, Settlement Agreement, and Amended Settlement between connectRN and Bedrock, connectRN conferred a benefit on Bedrock's facilities, including Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House, by providing nursing services to each facility.

58. Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House unjustly and knowingly benefited from the services connectRN conferred, as the facilities used connectRN to provide necessary nursing services for their patients, which allowed the facilities to operate.

59. connectRN expected compensation for the nursing services it provided to Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House.

ME1 50035950v.1

60. Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House had knowledge of connectRN's expectation for reasonable compensation for the nursing services it provided. The Amended Settlement explicitly required that Bedrock inform Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House of the Amended Settlement and the obligation to abide by the terms thereof, including the payment terms.

61. With knowledge of connectRN's expectation of reasonable compensation, Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House accepted and retained the benefit of the nursing services that connectRN provided.

62. Despite accepting and retaining the benefit conferred by connectRN, Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House failed to ensure that connectRN was compensated for the nursing services it provided to each facility.

63. Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House have been unjustly enriched the expense of connectRN under circumstances without justification, and their retention of the benefits conferred would be unjust, inequitable, and unconscionable.

**COUNT IV – QUANTUM MERUIT**
**(Against Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House)**

64. connectRN incorporates the allegations contained in Paragraphs 1–63, above, as if fully set forth herein.

65. Through the Contract, Settlement Agreement, and Amended Settlement between connectRN and Bedrock, connectRN conferred a benefit on Bedrock's facilities, including

Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House, by providing nursing services to each facility.

66. Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House knowingly accepted the nursing services provided by connectRN, as the facilities used connectRN to provide necessary nursing services for their patients, which allowed the facilities to operate.

67. connectRN expected reasonable compensation for the nursing services it provided to Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House.

68. Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House had knowledge of connectRN's expectation for reasonable compensation for the nursing services it provided. The Amended Settlement explicitly required that Bedrock inform Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House of the Amended Settlement and the obligation to abide by the terms thereof, including the payment terms.

69. With knowledge of connectRN's expectation of reasonable compensation, Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House accepted the benefit of the nursing services that connectRN provided.

70. Despite accepting the nursing services provided by connectRN, Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House failed to compensate connectRN for those services.

71. The failure of Defendants Care Pavilion, Yeadon, Tucker House, Maplewood, York, Cliveden, and Park House to pay for or ensure that connectRN was compensated for the

ME1 50035950v.1

benefits it provided to each facility has been detrimental to connectRN because connectRN paid wages to the nursing staff that provided services at each facility.

72. As a result, connectRN has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff connectRN, Inc. respectfully requests the following relief from the Court:

1. Judgement in its favor and against Defendants on all claims herein;

2. Damages in amount to be determined;

3. Pre- and post-judgment interest at the maximum legal rate;

4. Attorneys' fees and costs; and

5. Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

ME1 50035950v.1

Dated: September 18, 2024          RESPECTFULLY SUBMITTED,


By:        /s/   Thomas J. Finn
Thomas J. Finn  (BBO # 561346)
tfinn@mccarter.com
Paula Cruz Cedillo (BBO # 671443)
pcedillo@mccarter.com
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
Tel.: 617.449.6500
Fax:  617.326.3106

Justyn P. Stokely (*PHV Forthcoming*)
jstokely@mccarter.com
McCARTER & ENGLISH, LLP
CityPlace I, 36th Floor
185 Asylum Street
Hartford, Connecticut 06103
Tel.: 860.275.6700
Fax: 860.560.5967

Attorneys for Plaintiff connectRN, Inc.